KING, HOLMES, PATERNO & BERLINER LLP
HOWARD E. KING, ESQ., STATE BAR NO. 077012
SETH MILLER, ESQ., STATE BAR NO. 175130
MILLER@KHPBLAW.COM
1900 AVENUE OF THE STARS, 25TH FLOOR
LOS ANGELES, CALIFORNIA 90067-4506
TELEPHONE: (310) 282-8989
FACSIMILE:  (310) 282-8903

Attorneys for Defendants UNIVERSAL MUSIC GROUP, INC., INTERSCOPE GEFFEN A&M RECORDS, A DIVISION OF UMG RECORDINGS, INC., and BECK HANSEN

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DRIVE-IN MUSIC COMPANY, a California corporation; ORIGINAL SOUND RECORD CO., a California corporation,<br><br>Plaintiffs,<br><br>vs.<br><br>UNIVERSAL MUSIC GROUP, a California corporation; INTERSCOPE-GEFFEN-A&M GROUP, an entity unknown; BECK HANSEN, AKA BEK DAVID CAMPBELL, an individual,<br><br>Defendants. | CASE NO. CV10-5739 MMM (FMOx)<br>Hon. Margaret M. Morrow, Courtroom 780<br><br>**ANSWER OF DEFENDANTS UNIVERSAL MUSIC GROUP, INC., INTERSCOPE GEFFEN A&M RECORDS, A DIVISION OF UMG RECORDINGS, INC., AND BECK HANSEN TO COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL**<br><br>Action Commenced: August 2, 2010 |

Defendants UNIVERSAL MUSIC GROUP, INC. (incorrectly sued as UNIVERSAL MUSIC GROUP)("Universal"), INTERSCOPE GEFFEN A&M RECORDS, A DIVISION OF UMG RECORDINGS, INC. (incorrectly sued as INTERSCOPE-GEFFEN-A&M GROUP) ("Interscope"), and BECK HANSEN (incorrectly sued as BECK HANSEN, AKA BEK DAVID CAMPBELL) (collectively, "Answering Defendants"), on behalf of themselves and no others, hereby answer the Complaint in this action, as follows:

/ / /

/ / /

2136.061/370499.1

1. Paragraph 1 of the Complaint contains conclusions of law to which no response is required. To the extent any response is required, Answering Defendants admit that the Court has subject matter jurisdiction under 28 U.S.C. § 1338(a)-(b).

2. Paragraph 2 of the Complaint contains conclusions of law to which no response is required. To the extent any response is required, Answering Defendants admit that venue is appropriate in the Central District of California.

3. Answering paragraph 3 of the Complaint, Answering Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations in said paragraph, and on that basis deny each and every allegation contained in paragraph 3.

4. Answering paragraph 4 of the Complaint, Answering Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations in said paragraph, and on that basis deny each and every allegation contained in paragraph 4.

5. Answering paragraph 5 of the Complaint, Answering Defendants admit that Defendant Universal Music Group, Inc. is a corporation with its principal place of business located in Los Angeles, California.

6. Answering paragraph 6 of the Complaint, Answering Defendants admit that Universal has its principal place of business located in Los Angeles, California and further aver that Interscope Geffen A&M Records is a division of UMG Recordings, Inc., which is wholly owned by a wholly owned subsidiary of Universal. Except as expressly admitted above, Answering Defendants deny each and every allegation contained in paragraph 6.

7. In response to paragraph 7 of the Complaint, Answering Defendants admit that Defendant Beck Hansen is a composer and recording artist. Except as expressly admitted above, Answering Defendants deny each and every allegation contained in paragraph 7.

///

1  8. In response to paragraph 8 of the Complaint, Answering Defendants
2  admit the allegations contained in paragraph 8.
3  9. In response to the <u>first</u> paragraph 9 of the Complaint, Answering
4  Defendants admit that the album entitled "BECK! ODELAY" was manufactured
5  and distributed by Geffen Records and contains the sound recording of the
6  composition entitled "Jack-Ass." Except as expressly admitted above, Answering
7  Defendants deny each and every allegation contained in the first paragraph 9.
8  10. In response to the <u>second</u> paragraph 9 of the Complaint, Answering
9  Defendants are without sufficient knowledge or information to form a belief as to
10  the truth of the allegations in said paragraph, and on that basis deny each and every
11  allegation contained in the second paragraph 9.
12  11. In response to paragraph 10 of the Complaint, Answering Defendants
13  are without sufficient knowledge or information to form a belief as to the truth of
14  the allegations in said paragraph, and on that basis deny each and every allegation
15  contained in paragraph 10.
16  12. In response to paragraph 11 of the Complaint, Answering Defendants
17  are without sufficient knowledge or information to form a belief as to the truth of
18  the allegations in said paragraph, and on that basis deny each and every allegation
19  contained in paragraph 11.
20  13. In response to paragraph 12 of the Complaint, Answering Defendants
21  are without sufficient knowledge or information to form a belief as to the truth of
22  the allegations in said paragraph, and on that basis deny each and every allegation
23  contained in paragraph 12.
24  14. In response to paragraph 13 of the Complaint, Answering Defendants
25  are without sufficient knowledge or information to form a belief as to the truth of
26  the allegations in said paragraph, and on that basis deny each and every allegation
27  contained in paragraph 13.
28  / / /

KING, HOLMES,
PATERNO
& BERLINER LLP

2136.061/370499.1

3

15. In response to paragraph 14 of the Complaint, Answering Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations in said paragraph, and on that basis deny each and every allegation contained in paragraph 14.

16. In response to paragraph 15 of the Complaint, Answering Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations in said paragraph, and on that basis deny each and every allegation contained in paragraph 15.

17. In response to paragraph 16 of the Complaint, Answering Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations in said paragraph, and on that basis deny each and every allegation contained in paragraph 16.

18. In response to paragraph 17 of the Complaint, Answering Defendants admit that Defendant Beck Hansen co-created the musical composition and sound recording entitled "Jack-Ass," which is track No. 7 on the "BECK! ODELAY" record album, and that "BECK! ODELAY" was manufactured and distributed by Geffen Records. Except as expressly admitted above, Answering Defendants deny each and every allegation contained in paragraph 17.

19. In response to paragraph 18 of the Complaint, Answering Defendants admit that "BECK! ODELAY" was re-issued in 2008 with certain changes, and that the sound recording of "Jack-Ass" from "BECK! ODELAY" is available as of 2010 to download from certain internet sites. Except as expressly admitted above, Answering Defendants deny each and every allegation contained in paragraph 18.

20. In response to paragraph 19 of the Complaint, Answering Defendants admit that Geffen Records manufactured, sold and marketed the record album "BECK! ODELAY" in the United States, and that copies of "Jack-Ass" were copied, manufactured, and marketed outside the United States under authorization

from Geffen Records.  Except as expressly admitted above, Answering Defendants deny each and every allegation contained in paragraph 19.

21.     Answering paragraph 20 of the Complaint, Answering Defendants deny each and every allegation contained in Paragraph 20.

22.     Answering paragraph 21 of the Complaint, Answering Defendants deny each and every allegation contained in Paragraph 21.

23.     Answering paragraph 22 of the Complaint, Answering Defendants deny each and every allegation contained in Paragraph 22.

24.     Answering paragraph 23 of the Complaint, Answering Defendants deny each and every allegation contained in Paragraph 23.

25.     In response to paragraph 24 of the Complaint, Answering Defendants incorporate by reference as if set forth in full herein each and every admission, denial, or averment set forth above in paragraphs 1 through 24.

26.     Answering paragraph 25 of the Complaint, Answering Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations in said paragraph, and on that basis deny each and every allegation contained in paragraph 25.

27.     Paragraph 26 of the Complaint contains conclusions of law to which no response is required.  To the extent any response is required, Answering Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations in said paragraph, and on that basis deny each and every allegation contained in paragraph 26.

28.     Answering paragraph 27 of the Complaint, Answering Defendants deny each and every allegation contained in Paragraph 27.

29.     Answering paragraph 28 of the Complaint, Answering Defendants deny each and every allegation contained in Paragraph 28.

30.     Answering paragraph 29 of the Complaint, Answering Defendants deny each and every allegation contained in Paragraph 29.

1  31. Answering paragraph 30 of the Complaint, Answering Defendants deny each and every allegation contained in Paragraph 30.

2  32. Answering paragraph 31 of the Complaint, Answering Defendants incorporate by reference as if set forth in full herein each and every admission, denial, or averment set forth above in paragraphs 1 through 24.

3  33. Answering paragraph 32 of the Complaint, Answering Defendants deny each and every allegation contained in Paragraph 32.

4  34. Answering paragraph 33 of the Complaint, Answering Defendants deny each and every allegation contained in Paragraph 33.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

35. The Complaint, in whole or in part, fails to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

36. Plaintiffs lack standing to pursue some or all of their claims.

### THIRD AFFIRMATIVE DEFENSE

37. Plaintiffs' claims for relief are barred by the applicable statutes of limitations, including the statute of limitations set forth in 17 U.S.C. § 507(b).

### FOURTH AFFIRMATIVE DEFENSE

38. Plaintiffs' claims for relief, and each of them, are barred, in whole or in part, by the doctrine of laches.

### FIFTH AFFIRMATIVE DEFENSE

39. Plaintiffs' claims for relief, and each of them, are barred, in whole or in part, by the doctrine of waiver.

### SIXTH AFFIRMATIVE DEFENSE

40. Plaintiffs' claims for relief, and each of them, are barred, in whole or in part, by the doctrine of estoppel.

///

## SEVENTH AFFIRMATIVE DEFENSE

41. Plaintiffs' claims for relief, and each of them, are barred, in whole or in part, by the doctrine of unclean hands.

## EIGHTH AFFIRMATIVE DEFENSE

42. Plaintiffs' claims for relief, including based upon alleged copyright infringement, and each of them, are barred, in whole or in part, because any alleged use or copying of the alleged copyrighted material or sound recording is de minimis.

## NINTH AFFIRMATIVE DEFENSE

43. Plaintiffs' claims for relief based upon alleged copyright infringement, and each of them, are barred, in whole or in part, because the alleged copyrights at issue allegedly held by Plaintiffs are not valid and enforceable.

## TENTH AFFIRMATIVE DEFENSE

44. Plaintiffs' claims for relief, including based upon alleged copyright infringement, and each of them, are barred, in whole or in part, because Plaintiffs are not the owners of the alleged copyrights and/or sound recording at issue.

## ELEVENTH AFFIRMATIVE DEFENSE

45. Plaintiffs' claims for relief based upon alleged copyright infringement, and each of them, are barred, in whole or in part, because the alleged copyrighted work is not substantially similar to any allegedly infringing work.

## TWELFTH AFFIRMATIVE DEFENSE

46. Plaintiffs' claims for relief based upon alleged copyright infringement, and each of them, are barred, in whole or in part, because the alleged copyrighted material that Plaintiffs allege was infringed is not subject to copyright protection, including that it is not sufficiently original and/or is generic or "scenes à faire."

## THIRTEENTH AFFIRMATIVE DEFENSE

47. Plaintiffs' claims for relief based upon alleged copyright infringement, and each of them, are barred, in whole or in part, because any use or copying of the alleged copyrighted work constitutes fair use.

KING, HOLMES,
PATERNO
& BERLINER LLP

2136.061/370499.1

7

## FOURTEENTH AFFIRMATIVE DEFENSE

48. Plaintiffs' claims, or any recovery thereon, are barred, in whole or in part, because Answering Defendants acted with innocent intent.

## FIFTEENTH AFFIRMATIVE DEFENSE

49. Plaintiffs' claims, or any recovery thereon, for alleged infringement of common law copyright are barred, in whole or in part, because there was a general publication of Plaintiffs' alleged sound recording prior to any alleged infringement.

## SIXTEENTH AFFIRMATIVE DEFENSE

50. Answering Defendants deny that Plaintiffs have suffered any damages, but to the extent Plaintiffs have, their claims for damages are barred, in whole or in part, because Plaintiffs failed to take reasonable steps to mitigate their damages.

## SEVENTEENTH AFFIRMATIVE DEFENSE

51. Answering Defendants deny that Plaintiffs have suffered any damages, but to the extent Plaintiffs have, their claims for damages for alleged copyright infringement occurring outside of the United States are barred, in whole or in part, because the United States Copyright Act has no extraterritorial application, *see, e.g., Subafilms, Ltd. v. MGM-Pathe Communications, Co.*, 24 F.3d 1088 (1994).

## EIGHTEENTH AFFIRMATIVE DEFENSE

52. Answering Defendants are without sufficient knowledge or information to form a belief as to whether they may have additional, as yet unstated, separate defenses available and hence reserve the right to amend this Answer to add, delete, or modify defenses based upon legal theories that may or will be divulged through discovery of the factual bases for Plaintiffs' claims or further legal analysis.

WHEREFORE, Answering Defendants pray for judgment as follows:

1. That Plaintiffs' Complaint and each claim for relief therein be dismissed with prejudice;

2. That Plaintiffs take nothing by their Complaint;

3. That Answering Defendants be awarded their costs incurred herein, including their attorney fees; and

4. That the Court order such other and further relief for Answering Defendants as the Court may deem just and proper.

DATED: September 24, 2010   KING, HOLMES, PATERNO & BERLINER, LLP

By: _____
HOWARD E. KING
SETH MILLER
Attorneys for Defendants UNIVERSAL MUSIC GROUP, INC., INTERSCOPE GEFFEN A&M RECORDS, A DIVISION OF UMG RECORDINGS, INC., and BECK HANSEN

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38 and Local Rule 38.1, Defendants UNIVERSAL MUSIC GROUP, INC., INTERSCOPE GEFFEN A&M RECORDS, A DIVISION OF UMG RECORDINGS, INC., and BECK HANSEN hereby request a trial by jury.

DATED: September 24, 2010   KING, HOLMES, PATERNO & BERLINER, LLP

By: _____
HOWARD E. KING
SETH MILLER
Attorneys for Defendants UNIVERSAL MUSIC GROUP, INC., INTERSCOPE GEFFEN A&M RECORDS, A DIVISION OF UMG RECORDINGS, INC., and BECK HANSEN

KING, HOLMES,
PATERNO
& BERLINER LLP

2136.061/370499.1

9

## CERTIFICATE OF SERVICE

I hereby certify that on September 24, 2010, I electronically filed the foregoing **ANSWER OF DEFENDANTS UNIVERSAL MUSIC GROUP, INC., INTERSCOPE GEFFEN A&M RECORDS, A DIVISION OF UMG RECORDINGS, INC., AND BECK HANSEN TO COMPLAINT; DEMAND FOR JURY TRIAL** with the Clerk of the Court by using the CM/ECF system. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

*Joey S. Gossett-Evans*
JOEY S. GOSSETT-EVANS

KING, HOLMES, PATERNO & BERLINER LLP

2136.061/370499.1