```
 1  KING, HOLMES, PATERNO & BERLINER LLP
    HOWARD E. KING, ESQ., STATE BAR NO. 077012
 2  SETH MILLER, ESQ., STATE BAR NO. 175130
    MILLER@KHPBLAW.COM
 3  1900 AVENUE OF THE STARS, 25TH FLOOR
    LOS ANGELES, CALIFORNIA 90067-4506
 4  TELEPHONE: (310) 282-8989
    FACSIMILE:  (310) 282-8903
 5
    Attorneys for Defendants UNIVERSAL
 6  MUSIC GROUP, INC., INTERSCOPE
    GEFFEN A&M RECORDS, A DIVISION
 7  OF UMG RECORDINGS, INC., and BECK
    HANSEN
 8
    LAW OFFICES OF ALLEN HYMAN
 9  ALLEN HYMAN, ESQ., STATE BAR NO. 73371
    CHRISTINE COVERDALE, ESQ., STATE BAR NO. 195635
10  LAWOFFAH@AOL.COM
    10737 RIVERSIDE DRIVE
11  NORTH HOLLYWOOD, CALIFORNIA 91602
    TELEPHONE: (818) 763-6289
12  FACSIMILE:  (818) 763-4676
13  Attorneys for Plaintiffs DRIVE-IN MUSIC
    COMPANY and ORIGINAL SOUND
14  RECORD CO.
```

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DRIVE-IN MUSIC COMPANY, a California corporation; ORIGINAL SOUND RECORD CO., a California corporation,<br><br>Plaintiffs,<br><br>vs.<br><br>UNIVERSAL MUSIC GROUP, a California corporation; INTERSCOPE-GEFFEN-A&M GROUP, an entity unknown; BECK HANSEN, AKA BEK DAVID CAMPBELL, an individual,<br><br>Defendants. | CASE NO. CV10-5739 MMM (FMOx)<br>Hon. Margaret M. Morrow, Courtroom 780<br><br>**PROTECTIVE ORDER**<br><br>Action Commenced: August 2, 2010<br><br>**DISCOVERY MATTER** |

Upon stipulation of the parties and consideration of the representation of the parties and the matters presented to the Court, the Court enters this Order to provide for protection of the respective parties' proprietary data for purposes of discovery

2136.061/400620.2

and pre-trial in this proceeding.

1. Information Subject To The Protective Order

(a) Defendants' Information

Defendants identify that they seek protection of the following confidential proprietary and financial information that has not been made public and that reflects or concerns Defendants' sales, revenues, expenses, or profits from exploitation of the sound recording or composition "Jack-Ass" which appears on the album "BECK! ODELAY," or the creation of the sound recording and composition: (i) publishing statements; (ii) recording artist statements; (iii) licenses and other agreements relating to exploitation of the sound recording or composition; (iv) internal accounting or financial documents and information relating to sales, revenue, expenses, or profits from exploitation of the sound recording or composition; and (v) original master recordings, work tapes, and related materials regarding the creation of the sound recording or composition. Defendants represent to the Court that the foregoing materials are and at all times have been maintained in strict confidence by Defendants, are not publicly available, and have not been disclosed to third parties except to the extent reasonably necessary for business purposes under circumstances where the confidentiality of the materials would be maintained, and that public disclosure of the foregoing materials, including to Defendants' competitors, would cause competitive injury and prejudice due to the proprietary nature of information concerning Defendants' expenses, revenues, profits, financial terms of licenses and other agreements, and materials involved in the creation of the sound recording that have not previously been made public.

(b) Plaintiffs' information.

Plaintiffs indicate that they may designate certain financial information as confidential pursuant to this protective order, and that they may designate other information sought in discovery by the Defendants as confidential or attorneys eyes only, under this protective order.

KING, HOLMES,
PATERNO
& BERLINER LLP

2136.061/400620.2

(1) The nature of the information designated by Plaintiffs would be licenses of Plaintiffs' compositions or recordings with particular entities, which would identify the entity and the license amount. The identity of Plaintiff's licensees and the amounts that they pay Plaintiffs for licensed music and sound recordings, would be of the nature that would be considered proprietary.

(2) Earnings of the Plaintiffs' musical composition, and sound recording would be of the nature that would be considered proprietary in the music industry.

(3) Agreements between the Plaintiffs and the artist and composer Arlester Christian and his heirs, which would disclose information as to the heirs of the author would be information that would be considered confidential.

(c) Excluded From The Protective Order

The identity of Defendants' licensees of the composition or sound recording "Jack-Ass" disclosed by Defendants in discovery shall not be confidential or subject to protection under this Order.

2. For the purposes of this Order, the words "document" and "documents" are used in the broadest possible sense and refer, without limitation, to documents as they are defined in Fed. Rule of Civ. Pro. 34(a)(1)(A) and 34(b)(2)(B).

3. In connection with discovery proceedings in this action, the parties may designate any document, thing, material, testimony, or other information derived therefrom, as "Confidential" under the terms of this Protective Order. Confidential information is information which has not been made public and which concerns or relates to the matters described in Paragraph 1(a) and 1(b), above.

4. By designating a document, thing, material, testimony or other information derived therefrom as "Confidential" under the terms of this Order, the party making the designation is certifying to the Court that there is a good faith basis in law and in fact for the designation within the meaning of Fed. R. Civ. P. 26(g).

///

5. Confidential documents shall be so designated by stamping copies of the document produced to a party with the legend "CONFIDENTIAL" or by cover letter designation identifying the page numbers of the production that the party designates as confidential. All documents produced in discovery shall be sequentially numbered with no numbers repeated in a numbering sequence to be agreed upon by the parties. Stamping the legend "CONFIDENTIAL" on the cover of any multipage documents shall designate all pages of the document as confidential, unless otherwise indicated by the producing party. Responses to interrogatories or requests for admissions may be designated as "CONFIDENTIAL" by clearly labeling them as such in the body of the response. Any confidential electronically stored information produced on magnetic disks or other computer-related media may be designated as such by labeling each disk "CONFIDENTIAL" prior to production. Electronic or native documents or information shall be similarly labeled where practicable, and where not practicable, written notification by a producing party that it is producing materials as confidential shall suffice for treatment as provided herein.

6. Testimony taken at a deposition may be designated as confidential by making a statement to that effect on the record at the deposition. Upon a party identifying the testimony at the time of deposition as confidential, the court reporter shall prepare the transcript of the testimony in a separate binder designation as confidential. Testimony designated as confidential after the deposition transcript is prepared shall be maintained as confidential, but the transcript should not be modified.

7. Material designated as confidential under this Protective Order, the information contained therein, and any summaries, copies, compilations, abstracts, or other documents derived in whole or in part from material designated as confidential (hereinafter "Confidential Material") shall be used by the receiving party only for the purpose of the prosecution, defense, or settlement of this action,

1  and for no other purpose.
2      8.  Confidential Material produced pursuant to this Protective Order may
3  be disclosed or made available only to the Court, to counsel for a party (including
4  the paralegal, clerical, and secretarial staff employed by such counsel, and in-house
5  counsel), and to the "qualified persons" designated below:
6      (a)  a party, or an officer, director, or employee of a party deemed
7  necessary by counsel to aid in the prosecution, defense, or settlement of this action;
8      (b)  experts or consultants (together with their clerical staff) retained by
9  such counsel to assist in the prosecution, defense, or settlement of this action;
10     (c)  court reporter(s) employed in this action;
11     (d)  a witness at a deposition for purposes of a deposition held in
12 connection with this case, where such Confidential Material is relevant to a subject
13 matter of which the deponent could or is likely to have knowledge;
14     (e)  the authors, senders, addressees, and copy recipients of the Confidential
15 Material; and,
16     (f)  any other person as to whom the parties in writing agree.
17     9.  Prior to receiving any Confidential Material, each "qualified person"
18 under subparagraphs 8(a) or 8(b), above, shall be provided with a copy of this Order
19 and shall execute a nondisclosure agreement in the form of Attachment A.
20 Disclosing counsel shall retain the signed copies of Attachment A in its file for at
21 least three years after termination of this action.
22     10.  Only qualified persons listed under subparagraphs 8(a) or 8(b), above,
23 who have executed the non-disclosure agreement and counsel for a party may attend
24 depositions at which Confidential Material is used or discussed.
25     11.  The parties may further designate certain discovery material or
26 testimony of a highly confidential and/or proprietary nature as "CONFIDENTIAL -
27 ATTORNEY'S EYES ONLY" (hereinafter "Attorney's Eyes Only Material") in the
28 manner described in paragraphs 3, 4, 5 and 6, above. Attorney's Eyes Only Material

is limited to extremely sensitive confidential information that has not been made public, the disclosure of which to another party or non-party would create a substantial risk of serious injury that could not be avoided by less restrictive means, such as confidential and sensitive matters of a proprietary business or technical nature that might be of value to a potential competitor of the producing party and which the producing party contends must be protected from disclosure to other parties or third parties. The "CONFIDENTIAL - ATTORNEY'S EYES ONLY" designation is intended to be used sparingly, and in connection with any challenge to such designation, the burden is on the designating party to show that the challenged material qualifies for heightened protection as Attorneys Eyes Only Material under this Order. Attorney's Eyes Only Material, and the information contained therein, shall be disclosed only to the Court, to counsel for the parties (including the paralegal, clerical and secretarial staff employed by such counsel), and to the "qualified persons" listed in subparagraphs 8(b), 8(c), and 8(e)(provided such person is a current employee of a party) above, but shall not be disclosed to a party, a witness, or to an officer, director or employee of a party, unless otherwise agreed or ordered. If disclosure of Attorney's Eyes Only Material is made pursuant to this paragraph, all other provisions in this order with respect to confidentiality shall also apply.

12.     Nothing herein shall impose any restrictions on the use or disclosure by a party of material obtained by such party independent of discovery in this action, whether or not such material is also obtained through discovery in this action, or from disclosing its own Confidential Material as it deems appropriate.

13.     Nothing herein shall be construed to affect in any manner the admissibility at trial of any document, testimony or other evidence. The terms of this Protective Order do not preclude, restrict, or otherwise apply to the use of documents at trial.

///

14. Any witness or other person, firm, or entity from which discovery is sought may be informed of and may obtain the protection of this Protective Order by providing all parties with a declaration executed under penalty of perjury agreeing to comply with and be bound by the provisions of this Order and to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing or otherwise providing relief relating to this Order.

15. If Confidential Material, including any portion of a deposition transcript designated as Confidential or Attorney's Eyes Only Material, is included in any papers to be filed with the Court, such papers shall be submitted for filing with the Court along with an application and proposed order to file the papers under seal in compliance with Local Rule 79-5.1. The application shall be directed to the judge to whom the papers are directed. Pending the ruling on the application, the papers or portions thereof subject to the sealing application shall be lodged under seal.

16. If Confidential Material (including Attorney's Eyes Only Material) is inadvertently disclosed to any person other than in the manner authorized by this Protective Order, the person responsible for the disclosure must promptly inform the designating party of all pertinent facts relating to such disclosure, shall make every effort reasonably required to secure the return of such Confidential Material from any unauthorized person who has possession of it, and shall make every effort reasonably required to prevent disclosure by each unauthorized person who received such Confidential Material. The inadvertent or unintentional disclosure of any Confidential Material without an appropriate designation shall not be construed to be a waiver, in whole or in part, of that party's right to claim that the Confidential Material should be subject to protection as Confidential Material under this Order.

17. If any Confidential Material obtained, or any material derived or generated therefrom, is sought through discovery from either party by any other litigant in any other judicial or administrative proceeding, each party agrees to

1 | immediately notify the designating party in writing so as to permit the designating
2 | party to seek a protective order from the appropriate court.
3 |     18.   This Protective Order shall be without prejudice to the right of the
4 | parties (i) to bring before the Court at any time the question of whether any
5 | particular document or information is confidential or whether its use should be
6 | restricted, (ii) to seek and obtain, upon an appropriate showing, additional protection
7 | with respect to the confidentiality of Confidential Material or relief from this
8 | Protective Order with respect to particular designated Confidential Material, or
9 | (iii) to present a motion to the Court under Fed. R. Civ. P. 37 to compel the
10 | redesignation or production as to any particular document or information should any
11 | party object to any designation of confidentiality, provided the parties comply with
12 | Local Rule 37. In making or opposing any motion regarding the designation of
13 | specific material as confidential under this Order, the designating party shall bear
14 | the burden of showing specific harm or prejudice that will result if no protective
15 | order is granted for the material. This Protective Order shall not be deemed to
16 | prejudice the parties in any way in any future application for modification of this
17 | Protective Order.
18 |     19.   This Protective Order is entered solely for the purpose of facilitating
19 | the exchange of documents and information between the parties to this action
20 | without involving the Court unnecessarily in the process. Nothing in this Protective
21 | Order nor the production of any information or document under the terms of this
22 | Protective Order nor any proceedings pursuant to this Protective Order shall be
23 | deemed to have the effect of an admission or waiver by either party or of altering the
24 | confidentiality or nonconfidentiality of any such document or information or
25 | altering any existing obligation of any party or the absence thereof.
26 |     20.   This Protective Order shall survive the final termination of this action,
27 | to the extent that the information contained in Confidential Material is not or does
28 | not become known to the public, and the Court shall retain jurisdiction to resolve

KING, HOLMES,
PATERNO
& BERLINER LLP

2136.061/400620.2

1 any dispute concerning the use of information disclosed hereunder.  Upon
2 termination of this case, including all appeals, and upon 60-days written request by
3 counsel for the providing party, the parties shall assemble and return to each other
4 all Confidential Material, including all documents, material and deposition
5 transcripts designated as confidential and all copies, abstracts, and summaries of
6 same, or shall certify the destruction thereof.  Notwithstanding the foregoing, the
7 parties shall not be obligated under this Protective Order to ensure the destruction of
8 any copies of electronically-stored information made by the automatic processes of
9 their computer systems, including but not limited to any such copies that may reside
10 on their servers and/or backup tapes.

11      IT IS SO ORDERED.

13 Dated: 4/19/11

_____
JUDGE, UNITED STATES DISTRICT COURT

King, Holmes,
Paterno
& Berliner LLP

2136.061/400620.2

9

# EXHIBIT A

## NON-DISCLOSURE AGREEMENT

_____ declares that:

I reside at _____, in the city of _____, County of _____, State of _____.

I am currently employed by _____, located at _____, and my current job title is _____.

I have read and understand the terms of the Protective Order dated _____, 2011, filed in Civil Action No. CV10-5739 MMM (FMOx), pending in the United States District Court for the Central District of California. I agree to comply with and be bound by the provisions of the Protective Order. I understand that any violation of the Protective Order may subject me to sanctions by the Court.

I shall not divulge any documents, or copies of documents, designated "Confidential" obtained pursuant to such Protective Order, or the contents of such documents, to any person other than those specifically authorized by the Protective Order. I shall not copy or use such documents except for the purposes of this action and pursuant to the terms of the Protective Order.

As soon as practical, upon request and in no event later than 30 days after final termination of this action, I shall return to the attorney from whom I have received any documents in my possession designated "Confidential", and all copies, excerpts, summaries, notes, digests, abstracts, and indices relating to such documents. Notwithstanding the foregoing, I shall not be obligated under the terms of this Protective Order to ensure the destruction of any copies of electronically-stored information made by the automatic processes of my company's computer

KING, HOLMES,
PATERNO
& BERLINER LLP

2136.061/400620.2

1 systems, including but not limited to any such copies that may reside on its servers
2 and/or backup tapes.
3      I submit myself to the jurisdiction of the United States District Court for the
4 Central District of California for the purpose of enforcing or otherwise providing
5 relief relating to the Protective Order.
6      I declare under penalty of perjury that the foregoing is true and correct.
7
8 Executed:_____          _____
                (date)                                          (signature)

KING, HOLMES,
PATERNO
& BERLINER LLP

2136.061/400620.2

## CERTIFICATE OF SERVICE

I hereby certify that on April 14, 2011, I electronically filed the foregoing **[PROPOSED] PROTECTIVE ORDER** with the Clerk of the Court by using the CM/ECF system. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

*/s/ Joey S. Gossett-Evans*
JOEY S. GOSSETT-EVANS

King, Holmes,
Paterno
& Berliner LLP

2136.061/400620.2

12